**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

CIVIL ACTION

CA 05 374 T

TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY
4333 Edgewood Road, N.E.
Cedar Rapids, IA

Plaintiff,

v.

DIANE E. SHERMAN, as Trustee under the
Jessie G. Colicci 1995 Irrevocable Trust
465 Chestnut Hill Road
Wakefield, RI
and

BRIAN V. COLICCI individually and as
Trustee under the Jessie G. Colicci 1995
Irrevocable Trust
3547 E. Windmere Drive
Phoenix, AZ
and

EMILY M. SHERMAN (A MINOR)
465 Chestnut Hill Road
Wakefield, RI
and

GRANT S. SHERMAN (A MINOR)
465 Chestnut Hill Road
Wakefield, RI
and

TAYLOR A. COLICCI (A MINOR)
3547 E. Windmere Drive
Phoenix, AZ

Defendants.

No. CV-05-

## COMPLAINT IN INTERPLEADER

Plaintiff Transamerica Occidental Life Insurance Company, through its attorneys, Vetter & White and McCarter & English, LLP, hereby complains of the defendants and says:

## THE PARTIES

1. Plaintiff Transamerica Occidental Life Insurance Company ("Transamerica") is a corporation incorporated under the laws of the state of Iowa having its principal place of business in the state of Iowa and is a citizen of the State of Iowa.

2. Defendant Diane E. Sherman is a citizen of the state of Rhode Island residing therein, upon information and belief, at 465 Chestnut Hill Road, Wakefield, Rhode Island. Diane Sherman is a Trustee of The Jessie G. Colicci 1995 Irrevocable Trust which was created by her mother, Jessica G. Colicci.

3. Defendant Brian V. Colicci is a citizen of the state of Arizona residing therein, upon information and belief, at 3547 E. Windmere Drive, Phoenix, Arizona. Brian Colicci is a Trustee of The Jessie G. Colicci 1995 Irrevocable Trust that was created by his mother, Jessica G. Colicci.

4. Defendant Emily M. Sherman is a citizen of the state of Rhode Island residing therein, upon information and belief, at 465 Chestnut Hill Road, Wakefield, Rhode Island. Upon information and belief, Emily Sherman is a minor and the daughter of defendant Diane Sherman. Emily Sherman is a named beneficiary on a policy of life insurance issued by Transamerica insuring the life of Jessica G. Colicci.

5. Defendant Grant S. Sherman is a citizen of the state of Rhode Island residing therein, upon information and belief, at 465 Chestnut Hill Road, Wakefield, Rhode Island. Upon

information and belief, Grant Sherman is a minor and the son of defendant Diane Sherman. Grant Sherman is a named beneficiary on a policy of life insurance issued by Transamerica insuring the life of Jessica G. Colicci.

6. Defendant Taylor A. Colicci is a citizen and resident of the state of Arizona residing therein, upon information and belief, at 3547 E. Windmere Drive, Phoenix, Arizona. Upon information and belief, Taylor Colicci is a minor and the daughter of defendant Brian Colicci. Taylor Colicci is a named beneficiary on a policy of life insurance issued by Transamerica insuring the life of Jessica G. Colicci.

7. The matter arises out of the right to receive insurance benefits in a total amount in excess of $850,000.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1335 as a dispute between adverse claimants of diverse citizenship who claim or may be entitled to the proceeds of a policy of insurance having a value of more than $500. In addition, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as a dispute between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. Venue is proper in this District pursuant to the provisions of 28 U.S.C. §1397 inasmuch as one or more of the claimants to the policy resides in this District. In addition, venue is proper in this District pursuant to the provisions of 28 U.S.C. § 1391(b) inasmuch as a substantial part of the events giving rise to the claim occurred in this District.

**THE INTERPLEADER CLAIM**

10. On or about January 20, 1995, Transamerica issued life insurance Policy No. 92494449 ("the Policy") in the face amount of $800,000.00 to Jessica G. Colicci insuring her life. At the time the Policy was issued, Jessica G. Colicci was the owner of the Policy. At the time the Policy was issued, the named beneficiaries were her minor grandchildren, Emily Sherman, Grant Sherman, Taylor A. Colicci, and Scott B. Colicci. A true and correct duplicate copy of the Policy is attached hereto as Exhibit "A."

11. On or about June 27, 1995, Jessica G. Colicci established an irrevocable life insurance trust entitled The Jessie G. Colicci 1995 Irrevocable Trust ("Colicci 1995 Trust"). A copy of the Trust document, as provided to Transamerica, is attached hereto as Exhibit "B."

12. The Trustees of the Colicci 1995 Trust are defendants Diane Sherman and Brian Colicci.

13. Thereafter, on or about, August 10, 1995, a Transfer of Ownership form was recorded with Transamerica changing the owner of the Policy from Jessica G. Colicci to "The Jessie G. Colicci Irrevocable Trust, dated 6/27/95; Brian Colicci, Trustee + Diane Sherman, Trustee." See Exhibit "B."

14. The form to transfer ownership specifically provides that execution of the form to change ownership of the policy does not change the beneficiaries to the policy.

15. No change was thereafter made to the beneficiaries of the Policy.

16. Upon information and belief, Scott B. Colicci died on or about September 4, 2002.

17. Jessie G. Colicci died on or about February 25, 2005.

18. The beneficiaries of the Policy at the time of the death of Jessie G. Colicci were the minor children Emily Sherman, Grant Sherman, and Taylor Colicci.

19. The Trustees, Diane Sherman and Brian Colicci, instituted an action against Transamerica on or about June 29, 2005 in Washington County, Rhode Island ("state court action") seeking to change the beneficiaries to the Policy from the minor grandchildren of Jessica G. Colicci, namely Emily Sherman, Grant Sherman, and Taylor Colicci, to Diane Sherman and Brain Colicci as Trustees of the Colicci 1995 Trust.

20. The minor children and current, named beneficiaries of the Policy were not made parties to the state court action.

21. Transamerica has removed the state court action to this Court.

22. The interests of defendants are adverse and conflicting in one or more of the following ways:

A. The beneficiaries of the policy, Emily Sherman, Grant Sherman, and Taylor Colicci, claim or may claim the right, presently or upon reaching the age of majority, to receive their full, proportionate share of the total amount of the Policy proceeds, being over $285,000 for each child.

B. The Trustees, in the state court action, claim the right to receive the Policy proceeds into trust, which will or may limit the rights of the beneficiaries as set forth above.

C. Diane Sherman and Brian Colicci, individually, claim or may claim an interest in the Policy proceeds, in that, under the terms of the Trust, they may be entitled to receive Scott B. Colicci's share of the Trust since he died without issue and without, upon information and belief, establishing a will to name other persons to receive his share of the Trust. Thus, if Diane Sherman and Brian Colicci as Trustees are substituted as the beneficiaries, Diane Sherman and Brian Colicci may receive $200,000 or more from the Trust and, concomitantly, reduce the pro rata share presently to be received by Emily Sherman, Grant Sherman, and Taylor Colicci.

D. Further, the interests of the minor beneficiaries are not represented in the state court action that is intended to divest them of their current right to receive their full, proportionate share of the Policy proceeds, at least upon reaching the age of their majority.

23. If Transamerica makes present payment of the insurance proceeds to the minor children (after appointment of a guardian), then the Trustees may make a later claim against Transamerica that the Company has disregarded the plain intention of its insured to use the Policy to fund the Colicci 1995 Trust and provide for her grandchildren in an orderly, planned way and/or that the Company will irresponsibly place a very large amount of money into the hands of young adults who are not mature enough to manage such large amounts of money and/or will be the targets of unscrupulous individuals who will seek to take advantage of the relative youth and immaturity of the beneficiaries, even upon reaching their majority, or upon some other theory of liability.

24. If, conversely, Transamerica makes a present payment of the insurance proceeds to the Trustees, then the minor children may make a later claim against Transamerica that the

Company disregarded the fact the minor children were the currently named beneficiaries and thus deprived each of the minor children of receiving in excess of $285,000 either presently or upon reaching their age of majority, as well as the fact that there was no independent representation of their interests at the time the payment was made by Transamerica to the Trustees.

25. As a result of the above dispute among the claimants to the proceeds of the Policy, plaintiff Transamerica is exposed to multiple liability and litigation if payment of the proceeds is made to either the Trustees or the beneficiaries.

26. Transamerica is a disinterested stakeholder, exposed to multiple liability as a result of the adverse claims to the proceeds of the Policy unless the proceeds of the Policy are interpleaded and the validity of the competing claims adjudicated by the Court. Because of the conflict among the claimants, Transamerica has not paid the proceeds to any entity. Transamerica, however, does not claim any beneficial interest in the proceeds of the Policy.

27. Upon approval by the Court, plaintiff Transamerica is prepared to deposit into the Registry of this Court the sum of Eight Hundred Fifty-eight Thousand, Two Hundred Ninety-five Dollars and One Cent ($858,295.01), being the entire present amount due under the Policy, to abide the judgment of this Court. The amount to be deposited includes interest from the deceased's date of death through September 2, 2005.

WHEREFORE, plaintiff Transamerica Occidental Life Insurance Company respectfully requests the following relief:

A. Judgment in its favor;

B. That the Court accept into the Registry the sum of Eight Hundred Fifty-eight Thousand, Two Hundred Ninety-five Dollars and One Cent ($858,295.01), in proceeds payable under Policy No. 92494449;

C. That Transamerica Occidental Life Insurance Company be fully and completely discharged from all further liability and obligation under said Policy;

D. That the Court appoint a guardian *ad litem* to represent and protect the minor children Emily Sherman, Grant Sherman, and Taylor Colicci with respect to their interests and rights to the proceeds of the Policy;

E. That the Court require all defendants to interplead their respective claims to the amount so paid into the Court, which amount represents the complete proceeds payable under the Policy;

F. That in the event it is found that additional or other entities not yet named as parties to this action are or may be entitled to all or part of the proceeds of the Policy, the Court require such persons or entities to be made parties to this action and to respond to this Complaint in Interpleader;

G. That the Court restrain and enjoin all named defendants, together with all other persons acting in concert with them, and any other persons joined in this or in any other jurisdiction against Transamerica by reason of Policy No. 92494449 from instituting or proceeding with any action against Transamerica for recovery of the amount of the Policy or any part thereof;

H. That the Court award Transamerica its costs, together with reasonable attorney's fees, to be paid out of the fund which has been deposited into the Registry of the Court; and

I. That the Court grant Transamerica such other and further relief as may be deemed just and proper.

Brooks R. Magratten, Esq., No. 3585
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Of Counsel:

David A. Reif, Esq.
McCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
(860) 275-6700
(860) 724-3397 (Fax)

Dated: August 30, 2005