[redacted]

84373

# THE JESSIE G. COLICCI 1995 IRREVOCABLE TRUST

Agreement made the 27th day of June, 1995, between JESSIE G. COLICCI, of Phoenix, Arizona, referred to herein as the "Grantor" and the Grantor's children, DIANE E. SHERMAN and BRIAN V. COLICCI, referred to herein as the "Trustees."

The Grantor hereby irrevocably assigns and delivers to the Trustees certain cash and other property described in Schedule A annexed hereto, together with any additional property which may hereafter be transferred to and accepted by the Trustees, IN TRUST (hereinafter referred to as "THE JESSIE G. COLICCI 1995 IRREVOCABLE TRUST"), to be held, managed, administered and distributed by the Trustees as provided in this Agreement.

## FIRST

## Division of Trust into Separate Shares

(A) The beneficiaries of the trust shall be the Grantor's grandchildren (individually referred to herein as the "Beneficiary" and collectively referred to herein as the "Beneficiaries").

(B) The Trustees shall divide the trust estate on the date the trust is created into as many separate shares as may be required to provide one (1) separate equal share for each Beneficiary living on the date this trust is created. Any future contributions to the trust during the lifetime of the Grantor shall be divided into equal shares for the Beneficiaries and added to the separate share held for said Beneficiary. The Trustees need not divide or segregate assets held collectively by these separate shares, although the Trustees must maintain such records as will enable the Trustees to render a separate accounting and prepare separate income tax returns, if required, for each share.

SECOND

Trustees' Rights and Obligations
with Respect to Life Insurance Policies

(A) The Trustees may obtain, by purchase or by gift, and hold as assets of each separate share of THE JESSIE G. COLICCI 1995 IRREVOCABLE TRUST, policies of insurance on the life of the Grantor and/or the Beneficiary of the trust.

(B) To the extent the Trustees hold life insurance policies as part of the assets of the trust estate, the Trustees are authorized and empowered to exercise, either before or after the death of the Grantor, all the rights, options, elections or privileges exercisable in connection with such policies. These rights and options shall include, but not be limited to, the right to borrow money with which to pay premiums on any policies owned by the trust or for any other trust purpose and to pledge such policies as security for any loan, the right to elect among settlement options offered by the insurance company which issued any policy, the right to cancel or surrender such policies and to receive their cash surrender value, and the right to convert such policies to paid-up insurance, extended term insurance or to any different form of insurance. The Grantor shall not have any rights or interest of any kind in such insurance policies.

(C) With respect to any policy of life insurance under which death benefits are payable to the Trustees hereunder, upon the death of the insured or insureds, as the case may be, the Trustees shall take whatever action is necessary to collect the proceeds of the insurance policies which are in the trust estate. In order to facilitate prompt collection of such sums, the Trustees shall furnish the necessary proof of death to the respective insurance companies and are authorized and empowered to do any and all things that in the Trustees' discretion are necessary to collect such proceeds, including, but not limited to, the power to execute and deliver releases, receipts, and all other necessary papers.

(D) No insurance company which has issued a policy of insurance owned by this trust shall be required to inquire into

the terms of this Trust Agreement, nor to see that the policy proceeds are in fact applied or disposed of in accordance with the terms of this trust. The receipt of the Trustees issued to any insurance company with respect to any policy shall be a complete release of such company from liability with respect to such policy and shall be binding upon all persons interested in the trust.

(E) The Trustees are authorized to institute legal proceedings to collect the proceeds of the policies, provided that the Trustees may require, before instituting such proceedings, that the expenses, including legal fees, which the Trustees reasonably expect to incur in such action, be advanced or guaranteed to the Trustees. The Trustees are also authorized to compromise and settle any claims arising in connection with the policies on any terms the Trustees consider satisfactory and the Trustees' decision shall be binding upon all persons interested in the trust. The Trustees shall not be liable for any failure to collect the entire proceeds of any policy provided the Trustees have made a good faith and diligent attempt to do so.

THIRD

Trust Provisions Effective During Lifetime

(A) During the lifetime of the Grantor, the Trustees shall hold each separate share of the trust in accordance with the following provisions:

(1) The Trustees shall collect the income of the trust property and shall apply the net income, (or so much thereof as may be needed) to the payment of premiums on the life insurance policies owned by the trust. If the net income is insufficient to pay such premiums, the Trustees shall notify (in writing) the Grantor and the Beneficiary of the trust of such insufficiency and give them the opportunity to furnish the necessary funds. If neither the Grantor, the Grantor's spouse, nor the Beneficiary furnishes the funds necessary to pay the

premiums, the Trustees may, but are not required to, obtain the funds required to pay such premiums by selling a portion of the trust principal, or borrowing on the security of the trust principal, by borrowing against the cash surrender values of the policies or surrendering some policies and using the proceeds to pay premiums on other policies. The Trustees are also authorized to convert any policies to paid up or extended term insurance if the Trustees do not have the necessary funds to pay the premiums. If no funds are available for the payment of premiums on any policy, the Trustees are authorized to distribute such policy to the Beneficiary, if the Beneficiary is then living, or to the Beneficiary's issue, per stirpes, living at the time of the distribution.

(2) If there is any trust income remaining after the payment of premiums in accordance with subparagraph (1) above, such income shall be added to the principal of the trust.

(3) (a) The Beneficiary shall have the right in any calendar year to withdraw from the trust estate any part or all of the of the cash or other property transferred by inter vivos gift to the trust during that calendar year by any donor, in an amount not exceeding the lesser of: (i) the amount specified as a gift tax exclusion in Sec. 2503(b) of the Internal Revenue Code of 1986 (the "Code"), as from time to time amended, including, if applicable, any gift tax exclusion attributable to joinder of the donor's spouse in the gift pursuant to Code Sec. 2513, as from time to time amended (which amount is presently $10,000, or $20,000 upon joinder of a spouse), determined as of the date of the transfer, and minus the total of the amounts which were subject to the withdrawal right of such Beneficiary in connection with previous transfers to the trust during the same calendar year, and minus any other previous gifts to the Beneficiary by the donor or the donor's spouse during the same calendar year which qualify for the Code Sec. 2503(b) gift tax exclusion, or (ii) the amount of such transfer. The Beneficiary shall have the power of withdrawal in the year in which this trust is created

and funded and in any subsequent year in which additional property is transferred by inter vivos gift to the trust by the Grantor or any other person.

(b) The Trustees shall notify the Beneficiary, in writing, of the Trustees' receipt of any property over which his or her power of withdrawal can be exercised. Within 30 days after his or her receipt of such notice (the "Exercise Period") the Beneficiary may exercise his or her power of withdrawal by informing the Trustees, in writing, of the amount he or she is withdrawing. If the Beneficiary does not exercise his or her power of withdrawal within the Exercise Period, his or her power shall lapse with respect to the property in accordance with subparagraph (c) of this subparagraph (3). The Trustees are directed to hold a sufficient amount of the trust's property in cash or in a form readily convertible to cash during the Exercise Period so that the Trustees may satisfy any exercise by the Beneficiary of his or her power of withdrawal.

(c) The aggregate withdrawal rights held by each Beneficiary with respect to any transfers shall lapse at the end of an Exercise Period to the greater of $5,000 or 5% of the aggregate value of the Trust Fund on such date, or the amount subject to the aggregate withdrawal rights and remaining unwithdrawn, if less (the "Lapsed Amount"). To such extent a Beneficiary's withdrawal right shall exceed the Lapsed Amount, such right shall not lapse but shall continue in existence with respect to, and to the extent of such excess, except to the extent such withdrawal right shall thereafter lapse as hereinafter provided. Such continuing withdrawal right shall lapse each year thereafter, to the extent it has not previously lapsed to the extent of the greater of $5,000 or 5% of the aggregate value of the Trust Fund on the last day of each succeeding year. So long as and to the extent a continuing right of withdrawal exists, such right may at any time be exercised by the Beneficiary in the manner described in subparagraph (b) of this subparagraph (3), except the time limitations shall not

apply. The aggregate amounts transferred to the trust and subject to withdrawal by each Beneficiary hereunder, less such Beneficiary's aggregate Lapsed Amount, shall be referred to as the Beneficiary's "Adjusted Withdrawal Amount."

(e) The Trustees may satisfy the exercise of any withdrawal right by distributing to a Beneficiary cash or other property, including life insurance policies.

(f) If the Beneficiary is a minor or is otherwise under a disability (such as incompetency), the guardian, committee, conservator or other authorized representative of the Beneficiary may exercise the power of withdrawal on his or her behalf provided that under no circumstances may the Grantor so act on behalf of the Beneficiary.

(g) If the Beneficiary should be adjudged bankrupt, his or her power of withdrawal shall be forfeited.

(h) Upon the death of the Beneficiary, if the Beneficiary shall predecease the Grantor, the Trustees shall distribute the Beneficiary's Adjusted Withdrawal Amount and the Beneficiary share of the trust estate to such persons, corporations or others, including the Beneficiary's estate, the Beneficiary's creditors or the creditors of the Beneficiary's estate, in such proportions, on such terms, conditions and contingencies, and in such estates, absolutely or in trust, as the Beneficiary may appoint by specific reference to this power in his or her Will. If, or to the extent to which the Beneficiary fails to effectively exercise this power of appointment, the Adjusted Withdrawal Amount and the Beneficiary's share of the trust estate shall be divided, per stirpes, among the Beneficiary's then living and added to the share held for said Beneficiary and distributed in accordance with the terms and provisions hereunder.

FOURTH

Trust Provisions Effective After Death

Upon the death of the Grantor, the Trustees shall hold the assets of each separate share of the trust estate (including the proceeds of any insurance policies on the life of the Grantor) for the benefit of the Beneficiary in accordance with the following terms and provisions:

(A) The Trustees shall for a period of six (6) months following the death of the Grantor accumulate the income from the trust and pay out of accumulated income, to or for the benefit of the Beneficiary, such amounts as the Trustees, in the Trustees' sole discretion, shall deem necessary or desirable to provide for the Beneficiary's health, education, maintenance and support. (Without in any way limiting the powers of the Trustees, it is the Grantor's intent that during such six (6) month period, the Trustees may wish to arrange loans to or make purchases from the estate of the Grantor and/or the Trustee(s) of any trust includable for federal estate tax purposes in the estate of such survivor, in order to provide liquidity for the payment of federal and state estate taxes due at the Grantor's death.)

(B) At the end of such six (6) month period, the Trustees shall hold the Beneficiary's share in accordance with the terms and provisions set forth in Paragraph FIFTH hereof.

FIFTH

Trust for Grandchildren

Each share so set aside under the terms of Paragraph FOURTH hereof for a Beneficiary shall be held and distributed as follows:

(A) As to any Beneficiary who shall then have attained the age of thirty-five (35) years, the Trustees shall forthwith pay over to said Beneficiary all of his or her share.

(B) As to any Beneficiary who shall then have attained the age of thirty (30) years, the Trustees shall forthwith pay over to said Beneficiary two-thirds (2/3) of his or her share.

(C) As to any Beneficiary who shall then have attained the age of twenty-five (25) years, the Trustees shall forthwith pay over to said Beneficiary one-third (1/3) of his or her share.

(D) As to any Beneficiary who shall not then have attained the age of twenty-one (21) years, the Trustees shall continue to hold the undistributed share and shall, in the Trustees' discretion, either accumulate the net income therefrom or distribute all or a portion of same to or for the benefit of said Beneficiary. In addition, the Trustees shall pay over to or for the benefit of said Beneficiary such portion or portions of the corpus of said undistributed share as the Trustees shall, in the Trustees' sole discretion, from time to time deem to be required for the proper health, education, maintenance and support of said Beneficiary.

(E) As to any Beneficiary who shall then have attained the age of twenty-one (21) years, but shall not then have attained the age of thirty-five (35) years, and from and after the time said Beneficiary under the age of twenty-one (21) years attains the age of twenty-one (21) years, the Trustees shall pay over the entire net income at least annually to or for the benefit of said Beneficiary. In addition, the Trustees shall pay over to or for the benefit of said Beneficiary such portion or portions of the corpus of said undistributed share as the Trustees shall, in the Trustees' sole discretion, from time to time deem necessary or desirable for the best interests of said Beneficiary. At such time as said Beneficiary attains the age of twenty-five (25) years, the Trustees shall pay to him or her one-third (1/3) of the balance of his or her share then remaining in trust, said payment to be made free of any further trust. At such time as said Beneficiary attains the age of thirty (30) years, the Trustees shall pay to him or her one-half (1/2) of the balance of his or her share then remaining in trust, said payment to be made free of any further trust. At such time as said Beneficiary attains the age of thirty-five (35) years, the Trustees shall pay to him or her the balance of his or her share

then remaining in trust, said payment to be made free of any further trust.

(F) In the event that any Beneficiary shall die prior to the termination of the trust, the Trustees shall distribute the Beneficiary's share as then constituted to such persons, corporations or others, including the Beneficiary's estate, the Beneficiary's creditors or the creditors of the Beneficiary's estate, in such proportions, on such terms, conditions and contingencies, and in such estates, absolutely or in trust, as the Beneficiary may appoint by specific reference to this general power in his or her Will.

(G) If, or to the extent to which the Beneficiary fails to effectively exercise this general power of appointment, the Beneficiary's share of the trust estate shall be distributed to the Beneficiary's issue then living, per stirpes; provided, however, as to any share so set aside for any of such issue who not then have attained the age of thirty-five (35) years, the same shall not be distributed outright and free of trust to said issue, but rather shall be held by the Trustees, IN SPECIAL TRUST, HOWEVER, in accordance with the terms and provisions of this Paragraph.

(H) If, or to the extent to which the Beneficiary fails to effectively exercise this general power of appointment, and said Beneficiary shall have no issue living at the time of his or her death, the Beneficiary's share of the trust estate shall be distributed per stirpes, to those descendants of the Grantor who would be said Beneficiary's heirs-at-law if said Beneficiary died leaving only descendants of the said Grantor as heirs-at-law; provided, however, as to any share so set aside for any of such issue who not then have attained the age of thirty-five (35) years, the same shall not be distributed outright and free of trust to said issue, but rather shall be held by the Trustees, IN SPECIAL TRUST, HOWEVER, in accordance with the terms and provisions of this Paragraph.

(I) In the event that any provision hereof would require that the final distribution of any portion of this trust estate occur more than twenty-one (21) years after the death of the last survivor of Grantor and Grantor's issue living at the date of the execution of this instrument, then the Grantor directs that the final distribution of all the remaining trust estate be made not later than twenty-one (21) years after the death of the last survivor of Grantor and Grantor's issue living at the date of the execution of this instrument in the same manner as though all living issue of Grantor had then attained the age of thirty (30) years.

(J) Upon the distribution and division of the trust estates in manner as aforesaid, these trusts shall cease and terminate and the Trustees shall be relieved and released from other and further liability by reason thereof.

SIXTH

Powers of Trustees

The Trustees of the trusts created hereunder shall have the following powers with reference to the trust estate, except as may be herein specifically otherwise provided:

(a) The Trustees shall collect, recover and receive all income, interest, dividends, rents and profits arising therefrom; shall pay all taxes and assessments, and all proper expenses, obligations and liabilities of every kind that may become due from or on account of said trust estates, or any part thereof, in the execution of these Trusts; and shall take and receive from time to time a proper compensation for the services of the said Trustees from either income or principal, or partly from one and partly from the other, in such proportions between them as shall be proper.

(b) The Trustees are authorized to sell, exchange or otherwise dispose of, either at public auction or private sale or at brokers' board, from time to time, and to mortgage, lease, pledge or otherwise fully deal with, the whole or any part or parts of the trust estate, whether real or personal property, all upon such terms and conditions and for any purpose deemed by the Trustees to be advantageous in the execution of these Trusts; to make loans in such amounts, upon such terms, secured or unsecured, at such rates of interest, and to such persons, firms or corporations, including the executors under the Last Will and Testament of the Grantor, and the various members of the Grantor's family individually, as the Trustees deem advisable; to purchase from the estate of the Grantor or the Grantor's spouse any property coming into the possession of the Executors of the Grantor or the Grantor's spouse; and generally in their uncontrolled discretion to invest, reinvest and change in any

manner the investment of the whole or any part of the trust estate, in any form or type of investment whatsoever, including common trust funds, investment trusts and any other form of participation in an investment pool or plan, without having to give notice to any person interested in the Trust; to execute any instrument of conveyance, transfer, lease or of any other nature whatsoever necessary, convenient or desirable in the exercise of the powers herein given; and all property transferred or delivered to any third person by the Trustees shall, to the extent of any interest therein acquired or intended to be acquired by such person, be freed and discharged of all Trusts created by this instrument; and no person, firm or corporation dealing in any manner with, or acquiring any property or interest therein from, or making any transfer of any bond, stock or other security or property at the request of the Trustees, shall be required to inquire into the validity, propriety or expediency of or authority for the act or acts of the Trustees, or to see to or be liable for the application of any purchase money or other property delivered to the Trustees; the receipt, acquittance or other instrument whatsoever of said Trustees being hereby made a full discharge to all persons dealing with the said Trustees. The Trustees are specifically authorized to hold stock of, evidences of indebtedness of and deposits in any corporate Trustee hereunder and its parent and affiliates.

(c) The Trustees are authorized, in their absolute and uncontrolled discretion, to hold and retain any property coming into their hands hereunder in the same form of investment as that in which it may exist at the time, so long as they may deem it advisable and advantageous so to do, and the Trustees shall not be liable for any loss or depreciation occasioned by so doing.

(d) The Trustees are authorized to make partition in any manner of any property in which they may own any interest; and to compromise any claims in favor of or against the trust estate.

(e) The Trustees are authorized, in their discretion, to hold any property at any time forming a part of the trust estates in any name which may be deemed convenient, without reference of any kind to this Trust, whenever such action may be deemed to be required to facilitate the management of the trust estate.

(f) The Trustees are authorized to make any division or distribution required or permitted under the terms of this Trust, except where otherwise expressly provided, in cash or in kind, in their discretion, and when making division in kind, any valuation placed upon any asset by the Trustees shall be conclusive upon all beneficiaries under this Trust.

(g) Income accrued at the termination of any estate hereunder and undistributed income in the hands of the Trustees at the time of the termination of any estate hereunder, shall belong and be payable to the beneficiary entitled to the next eventual estate.

(h) If in the opinion of the Trustees any beneficiary of these Trusts shall at any time, or from time to time, for any cause whatsoever be or become incapable or unable to receive any payment of income or of principal to which such beneficiary may be entitled, the Trustees may in their discretion make any payment of either income or principal directly to such beneficiary or to any guardian or parent of such beneficiary, or may apply any such payment for the maintenance, education and support of such beneficiary, and the members of his family, and such payment or application shall be a complete discharge to the Trustees notwithstanding the incapacity, minority or any other incompetency of the person to or for whom such payment is made.

(i) Notwithstanding any provisions herein contained for the division of the trust estate into shares, the Trustees are authorized in their discretion to invest the entire trust estate as if held upon a single Trust, allotting to or designating for each beneficiary from time to time his or her proper portion of the entire trust estate and the income thereof.

(j) The Trustees are authorized to borrow money from time to time, in such amounts as the Trustees may deem necessary, whenever the Trustees shall deem it to be for the best interest of the trust estate herein created, and to execute and deliver promissory notes evidencing said indebtedness, and to secure the same by pledge, mortgage, or any other instrument, conveying as security any portion of the trust estate herein created. Any such borrowing shall be binding upon the trust estate only and not upon the Trustees in any capacity other than as Trustees. Any such borrowing may be from any lender, including any Trustee hereunder.

(k) Each of the Trustees is specifically authorized and empowered to delegate to the other Trustee, from time to time, any of the powers or authorities granted herein to Trustees, and to terminate any such delegations at any time. The Trustees may further authorize that only one signature or one specific signature be required upon any transfer, deed, mortgage, note, lease or other instrument, or upon any check or order drawn upon any bank account of the Trust.

(l) Any persons dealing with the Trustees may rely upon any written instruments signed by the proper number of Trustees indicating decisions of a majority of the Trustees, delegation of powers by Trustees, appointment of successor Trustees, or similar matters.

(m) It is expressly requested that the Trustees shall not file any returns of the assets of the Trust with any city or town within or without the State of Rhode Island, and the Trustees are expressly absolved from any and all liability which may arise from their failure so to do; provided, however, that the Trustees may file such returns as are expressly required by any beneficiary of this Trust or as the Trustees may from time to time deem advisable.

(n) If at any time any assets from any source are received by the Trustees of any Trust created by this instrument, which because of the terms of said Trust instrument require the immediate division into shares or portions of shares, such division shall be made in the manner set forth by this instrument, except that the division shall be made as of the date the assets are received rather than as of the date of the original division of the assets of the trust estate.

(o) If any assets are received by the Trustees from any source subsequent to the termination of any Trust, the terminated Trust shall be revived and the Trustees shall administer said Trust in the manner provided by this instrument, with all the rights and powers and subject to all the duties and obligations of the Trustees as herein set forth.

(p) In the event that there shall be payable to the Trustees any payment under an employees' trust (or under a contract purchased by an employees' trust) forming part of a qualified pension, stock bonus, or profit sharing plan; a retirement annuity contract purchased by an employer under a qualified annuity plan; an individual retirement account; an individual retirement annuity; or a retirement plan benefiting self-employed persons, then if there is any option as to the form of payment, the Trustees shall determine whether such payment shall be received as a lump sum distribution or in installments (such determination to be at the sole discretion of the

Trustees); and if the payment is received in a form which would result in its not being taxable as part of the gross estate of the Grantor, then no portion of such payment shall be either (1) used in making payment of the debts, funeral and administration expenses of the Grantor and taxes payable by reason of the Grantor's death or (2) allocated as a part of property passing other than to the trust or trusts designated as such beneficiary.

(q) The Trustees may, in the sole and absolute discretion of the Trustees, terminate any trust or share of any trust created under this instrument if the Trustees determine that continuation of such trust or such share of trust is contrary to the best interests of the beneficiaries of such trust or share of trust because the corpus of such trust or share of trust is so small that it would be economically inadvisable to continue to hold it in trust. In such event, the Trustees shall distribute the entire trust or share of trust as then constituted, outright and free of trust, to the person or persons then entitled to receive the income from such trust in the proportions in which they are so entitled, and, if income is payable in amounts or proportions in the discretion of the Trustees, then such distribution shall be made in such amounts or properties as the Trustees may, in the sole discretion of the Trustees determine. In no event shall a trust containing assets in excess of $100,000 be considered so small as to be terminable under the provisions of this subparagraph.

(r) To the extent permitted by law, the Trustees shall not be required to post bond in any jurisdiction and, if bond is required, the Trustees shall not be required to post surety, either personal or corporate, upon such required bond.

(s) In addition to the powers, privileges and discretions herein specifically granted to the Trustees, they are hereby vested with all such other powers, privileges or discretions granted to Trustees by the statutes and laws of the State of Rhode Island, and such as may be necessary, convenient or incidental to the execution of any of the Trusts herein created or to the management or disposition of the trust estates and which the Trustees may see fit to exercise; and the enumeration of specific powers herein shall not be construed to withhold, limit or qualify any other powers, privileges or discretions which said Trustees may deem it best to exercise.

None of the powers of the Trustees set forth herein shall be construed to enable the Grantor or any other person to purchase, exchange or otherwise deal with or dispose of all or any part of the principal or income of the trust for less than an adequate consideration in money or money's worth or to enable the Grantor to borrow all or any part of the trust property directly or indirectly without adequate interest or security. No person other than the Trustees shall have or exercise the power to vote or direct the voting of any stock or other securities of the trust, to control the investment of the trust either by directing investments or reinvestments or by vetoing proposed investments or reinvestments or to reacquire or exchange any property of an equivalent value. No part of the principal or income of the

trust property shall be used for or applied to satisfy any legal obligation of the Grantor.

SEVENTH

Successor Trustees

In the event either originally designated Trustee shall be unable or unwilling to complete the duties of said Trustee under any trust created by this instrument, the surviving or remaining Trustee shall appoint by an instrument in writing a successor Trustee, it being the Grantor's intention that there shall at all time be two Trustees of all Trusts created hereunder; provided, however, under no circumstances shall the Grantor be a Trustee. All successor Trustees shall have all the rights and powers (including the power to appoint further successor Trustees) and shall be subject to all the duties, obligations and limitations of the originally designated Trustees. No successor Trustee shall be responsible or liable for the acts and omissions of any preceding Trustee, but shall be responsible and liable only for his or her own acts and omissions.

EIGHTH

Additions to Trust

The Grantor or any other person may, at any time and from time to time, add other property, by will or lifetime transfer, to the trust, provided such other property is acceptable to the Trustees. Any other property so added shall become a part of the trust estate and shall be subject in all respects to the terms and conditions of this Agreement.

NINTH

Payment of Estate Taxes of Grantor

If any of the trust property held hereunder at the time of the death of the Grantor is included in the taxable estate of the Grantor, the Trustees shall pay to the Grantor's estate or to

the appropriate tax authorities from said trust property so much of the federal and state estate and inheritance taxes as they determine represents the increase in such taxes fairly attributable to said trust property; -- to the end that the estate and inheritance taxes payable from the estate shall not exceed such taxes computed as if none of the trust property were taxable to said estate. The Trustees shall not use for these purposes any assets of the trust, or the proceeds thereof, which for the purposes of federal and state estate and inheritance taxes are not included in the taxable estate of the Grantor.

Before using any other trust property for the payment of any federal estate taxes properly payable from the trust, the Trustees shall first use for this purpose any United States Treasury Bonds redeemable at par for the payment of federal estate taxes, and accrued interest, which the Trustees hold as a part of this trust and which are included in the Grantor's or the Grantor's spouse taxable estate.

TENTH

Loans/Purchases from Estate

The Trustees may make such loans to or purchases from the estate of the Grantor or the estate of Grantor's spouse and/or the Trustees of any trust includable for estate tax purposes in either of their respective estates upon such terms and conditions as the Trustees may, in the Trustees' sole discretion, determine.

ELEVENTH

Investment Counsel

The Trustees of any trust created hereunder are specifically authorized and empowered to retain investment counsel and/or custodians in the management of any trust estate created under this instrument if said Trustees, in the Trustees' sole discretion, deem it appropriate to do so, the fee for such investment counsel and/or custodians to be charged to the

principal and/or income of the trust estate in the Trustees' discretion and not against the fee to which the Trustees may otherwise be entitled.

TWELFTH

Assignment/Alienation

No beneficiary shall assign, alienate, transfer or encumber in any way any interest in net income or principal of any trust hereof, nor shall any such interest be subject to any legal process, bankruptcy proceeding or interference or control by creditors. (The foregoing shall not be construed, however, as limiting any power of appointment, general or special, that may be granted to such beneficiary under the provisions of any trust hereof.)

THIRTEENTH

Combining Trust Assets

The Grantor specifically authorizes and empowers the Trustees of any trust created under this instrument to combine the assets of said trust with the assets of any other trust created under this instrument or created under any other document executed by the Grantor or any other person so long as such other trust shall provide for the same Trustees, the same beneficiaries and shall contain the same substantive provisions, it being the Grantor's intention that there need not be separate trusts for the same beneficiaries.

FOURTEENTH

Irrevocability of Trust

This Agreement and the trust created hereby are irrevocable. The Grantor expressly waives all power to alter, amend, revoke or terminate this Agreement and the trust created hereby either in whole or in part.

FIFTEENTH

Governing Law

This Trust Agreement has been executed, delivered and accepted in the State of Rhode Island, and the trust hereby created shall be governed and construed and administered according to the laws of the State of Rhode Island.

IN WITNESS WHEREOF, the said Jessie G. Colicci has hereunto to this and two duplicate copies set his hand the day and year first above written.

Jessie G. Colicci
Jessie G. Colicci

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 27th day of June, 1995, before me personally appeared Jessie G. Colicci to me known and known by me to be the person executing the foregoing instrument, and she acknowledged said instrument, by her executed, to be her free act and deed.

Notary Public
My Comm Exp 6/30/95

ASSENT OF TRUSTEES

DIANE E. SHERMAN and BRIAN V. COLICCI accept the provisions of the foregoing instrument of trust, and agree with the said Jessie G. Colicci that they will faithfully execute the duties of Trustees.

Diane E. Sherman
Diane E. Sherman, Trustee

Brian V. Colicci
Brian V. Colicci, Trustee

THE JESSIE G. COLICCI
1995 IRREVOCABLE TRUST

SCHEDULE A

Cash $______________________

* * *
140 PB6692834
9641 $01.29⁰ MAY 25 05
8033 MAILED FROM ZIP CODE 02835

**A. LAURISTON PARKS**
ATTORNEY AT LAW

Deb Fields
Senior Claims Examiner
Transamerica Insurance Group
P.O. Box 419521
Kansas City, MO 64141-6521

10 Coronado Street, Jamestown, Rhode Island 02835