IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY

Plaintiff,

v.

DIANE E. SHERMAN, as Trustee under the Jessie G. Colicci 1995 Irrevocable Trust

and

BRIAN V. COLICCI, individually and as Trustee under the Jessie G. Colicci 1995 Irrevocable Trust

and

EMILY M. SHERMAN (A MINOR)

and

GRANT S. SHERMAN (A MINOR)

and

TAYLOR A. COLICCI (A MINOR)

Defendants.

CIVIL ACTION

CA 05 374 T

No. CV-05-

**PLAINTIFF TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY'S MOTION FOR APPOINTMENT OF GUARDIAN *AD LITEM***

Plaintiff Transamerica Occidental Life Insurance Company ("Transamerica"), through its attorneys, Vetter & White and McCarter & English, LLP, hereby moves this Court to enter an Order, pursuant to Federal Rule of Civil Procedure 17(c), appointing a guardian *ad litem* for Emily Sherman, Grant Sherman, and Taylor Colicci for this litigation only. In support thereof, movant states:

1. In or about January, 1995, Transamerica issued a policy of life insurance insuring the life of Jessica G. Colicci in the face amount of $800,000 (the "Policy").

2. At the time the policy was issued, Jessica G. Colicci was the owner of the policy and the named beneficiaries were her grandchildren, namely Emily Sherman, Grant Sherman, Taylor Colicci, and Scott Colicci.

3. In or about June, 1995, Jessica G. Colicci established The Jessie G. Colicci 1995 Irrevocable Trust (the "Trust"). The Trustees of the Trust were Diane Sherman and Brian Colicci.

4. The owner of the Policy was subsequently changed by Jessica G. Colicci to the Jessie G. Colicci 1995 Irrevocable Trust.

5. The beneficiaries to the Policy were not changed, however.

6. Upon information and belief, Scott Colicci died on or about September 4, 2002.

7. Jessica G. Colicci died on or about February 25, 2005.

8. The Trustees commenced an action in state court, now removed to this court, to change the beneficiaries from the grandchildren to the trustees.

9. The interests of the grandchildren are adverse to the interests of the Trustees both because of a material differential in the timing of receipt of the policy proceeds under the Policy or under the Trust, and because Brian Colicci, one of the children of the settlor of the Trust, may receive a portion of the policy proceeds under the terms of the Trust and thereby decrease the beneficiaries' current share of the policy proceeds.

10. The grandchildren were not made parties to the state court action, although, if the Trustees prevail therein, the beneficiaries will be divested of their beneficial interest under the Policy.

11. Transamerica has commenced an interpleader action in this Court and will deposit Eight Hundred Fifty-eight Thousand, Two Hundred Ninety-five Dollars and One Cent ($858,295.01), into the Registry of the Court.

12. Appointment of a guardian *ad litem* is necessary so that the interests of minor children, who are the current, named beneficiaries under the Transamerica life insurance policy can be fully and independently represented and protected.

13. In addition, appointment of a guardian *ad litem* will more easily effectuate the purposes and efficiency of the interpleader action that has been commenced by Transamerica.

14. Transamerica relies on the points and authorities set forth in its Memorandum in support of this Motion.

WHEREFORE, Transamerica respectfully moves that the Court grant its Motion and appoint a guardian *ad litem* to represent the interests of Emily Sherman, Grant Sherman, and Taylor Colicci in this action.

Brooks R. Magratten, Esq., No. 3585
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Of Counsel:
David A. Reif, Esq.
McCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495
(860) 275-6700
(860) 724-3397 (Fax)

Dated: August 30, 2005

CERTIFICATE OF SERVICE

I certify that I directed the forgoing motion to be served by hand on the following individuals on this 30th day of August, 2005.

Diane E. Sherman
Emily Sherman
Grant S. Sherman
465 Chestnut Hill Rd.
Wakefield, RI

Brian V. Colicci
Taylor A. Colicci
3547 E. Windmere Drive
Phoenix, AZ

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>DIANE E. SHERMAN, as Trustee under the Jessie G. Colicci 1995 Irrevocable Trust<br><br>and<br><br>BRIAN V. COLICCI, individually and as Trustee under the Jessie G. Colicci 1995 Irrevocable Trust<br><br>and<br><br>EMILY M. SHERMAN (A MINOR)<br><br>and<br><br>GRANT S. SHERMAN (A MINOR)<br><br>and<br><br>TAYLOR A. COLICCI (A MINOR)<br><br>Defendants. | CIVIL ACTION<br><br>CA 05 374 T<br><br>No. CV- |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY'S**
**MOTION FOR APPOINTMENT OF GUARDIAN *AD LITEM***

Plaintiff Transamerica Occidental Life Insurance Company ("Transamerica"), through its attorneys, Vetter & White and McCarter & English, LLP, hereby submits the following points

and authorities in support of its Motion for the appointment of a guardian *ad litem* for purposes of this action only for Emily Sherman, Grant Sherman, and Taylor Colicci.

## INTRODUCTION

Appointment of a guardian *ad litem* is necessary so that the interests of minor children who are named beneficiaries under a policy of life insurance, the proceeds of which are being interpleaded and will be deposited into the Registry of the Court, can be fully represented and protected. Not only is such appointment specifically authorized by Federal Rule of Civil Procedure 17(c), but also appointment of a guardian *ad litem* makes paramount common sense both generally in the circumstances of this action and particularly with a fund in excess of $850,000.00.

## FACTUAL BACKGROUND

On or about January 20, 1995, Transamerica issued life insurance Policy No. 92494449 ("the Policy") in the face amount of $800,000.00 to Jessica G. Colicci insuring her life. A true and correct copy of the Policy is attached to Transamerica's complaint as Exhibit A. At the time the Policy was issued, Jessica G. Colicci was the owner of the Policy. *Id.* As well, at the time the Policy was issued, Jessica G. Colicci specifically named as beneficiaries her minor grandchildren, Emily Sherman, Grant Sherman, Taylor Colicci, and Scott Colicci. *Id.*

Approximately five (5) months later, on or about June 27, 1995, Jessie G. Colicci established an irrevocable life insurance trust entitled The Jessie G. Colicci 1995 Irrevocable Trust ("Colicci 1995 Trust"). *See* State court complaint of Diane E. Sherman and Brian V. Colicci, Trustees ("Sherman/Colicci complaint"), ¶ 5, a copy of which is attached to the Complaint as Exhibit D. A copy of the Trust is attached to the Complaint as Exhibit B. The

Trustees of the Colicci 1995 Trust are defendants Diane Sherman and Brian Colicci. *Id.* Not long thereafter, on or about August 10, 1995, a Transfer of Ownership form was recorded with Transamerica changing the owner of the Policy from Jessica G. Colicci to Diane Sherman and Brian Colicci as Trustees of the Colicci 1995 Trust.[1] *Id.*, ¶ 8; Complaint, Exhibit A. However, as specifically set forth in the Change of Ownership form, changing ownership of the policy does not mean that the beneficiaries are also changed. Complaint, Exhibit A. Indeed, no change has been made at any time to the beneficiaries of the proceeds of the Policy as initially named by Jessie G. Colicci. Complaint, Exhibit D (Sherman/Colicci complaint), ¶ 9.

More than nine (9) years after changing ownership of the Policy – but not the beneficiaries to the Policy – Jessie G. Colicci died on or about February 25, 2005. Id., ¶ 10. The Policy was in force at the time of the death of the insured. Accordingly, the beneficiaries of the Policy at the time of the death of Jessie G. Colicci were the minor children Emily Sherman, Grant Sherman, and Taylor Colicci.[2]

Approximately four (4) months after Jessie G. Colicci died, the Trustees, Diane Sherman and Brian Colicci, on or about June 29, 2005 instituted an action against Transamerica in Washington County, Rhode Island ("State Court Action") seeking to change the beneficiaries to the Policy from the minor grandchildren of Jessie G. Colicci to Diane Sherman and Brain Colicci as Trustees of the Colicci 1995 Trust. Sherman/Colicci complaint, *ad damnum* provision, attached to the complaint as Exhibit D. Though the effect of a judgment for the Trustees would be to divest the beneficiaries of their individual interest in the Policy, the minor children, who are

---

[1] The Policy, by its terms, insured the life of "*Jessica* G. Colicci." (Emphasis added.) Ownership of the Policy was then transferred by "Jessica G. Colicci" to Diane Sherman and Brian Colicci as Trustees of "The *Jessie* G. Colicci 1995 Irrevocable Trust." (Emphasis added.)

[2] Upon information and belief, Scott Colicci died on or about September 4, 2002 (being about 15 years old).

the current, named beneficiaries of the Policy, were not made parties to the State Court Action. *Id.*

## PROCEDURAL BACKGROUND

As indicated above, an action in Washington County, Rhode Island was instituted by Diane E. Sherman and Brian V. Colicci on or about June 29, 2005 seeking to change the beneficiaries of the Policy and, thus, payment of the Policy proceeds from the children who were originally, and still are, named as beneficiaries thereof to The Jessie G. Colicci Trust. Transamerica removed the state court action to this Court on July 29, 2005, *Diane E. Sherman and Brian V. Colicci, Trustees v. Transamerica Occidental Life Insurance Co.*, C.A. No. 05-0329/T. The Court granted an extension of time to August 31, 2005 for Transamerica to respond to the Complaint.

With this motion Transamerica has filed a Complaint in Interpleader in this Court. Upon the granting of an appropriate motion, Transamerica will pay Eight Hundred Fifty-eight Thousand, Two Hundred Ninety-five Dollars and One Cent ($858,295.01) into the Registry of the Court, there to abide the Judgment of this Court with respect to the proper disposition of the fund and the discharge of Transamerica from any further liability under the Policy.

## ARGUMENT

### I. FRCP 17(c) AUTHORIZES APPOINTMENT OF A GUARDIAN

It is clearly within the authority of the Court to appoint a guardian to represent the interests of infants or incompetent persons. Recognizing circumstances as presented in this action, Federal Rule of Civil Procedure 17(g) states:

> The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

As will be discussed, the circumstances in this action mandate the appointment of a guardian to insure that the interests of Emily Sherman, Grant Sherman and Taylor Colicci are fully and independently represented and protected. Moreover, although not specifically referenced in Rule 17(c), it is certainly within the authority of this court to provide that the guardian *as litem* be compensated for services rendered out of the fund which is being interpleaded by Transamerica. *See The Mutual Life Insurance Co. of New York v. Ginsburg*, 228 F.2d 881 (3d Cir. 1956). Furthermore, the fund is clearly large enough so that it is unlikely that compensation of the guardian will materially reduce the size of the fund.

II. EMILY, GRANT, AND TAYLOR ARE MINORS

The Complaint filed in the State Court Action demonstrates that Emily, Grant, and Taylor are minors. The Complaint alleges that the three children are the grandchildren of the settlor of the Trust, Jessie G. Colicci. Nowhere does the Complaint allege that the children have reached the age of their majority. In short, there is no basis in the court papers to believe that Emily, Grant, and Taylor are now adults capable of representing their own interests – either directly or through engaging a representative. Even if one of the children might now be an adult, the other minors still require representation by a guardian *ad litem*.

Nor, as a practical matter, need the Court surmise whether Emily, Grant, and Taylor are minors. The Trustees and the children's parents are subject to the jurisdiction of this Court. Thus, the Court can simply inquire of them regarding the age of the children with appropriate confirmation provided as deemed necessary by the Court.

## III. THE INTERESTS OF THE GRANDCHILDREN ARE ADVERSE TO THE INTERESTS OF THE TRUSTEES

Transamerica must interplead the funds because the interests of Emily, Grant, and Taylor are adverse to the interests of the Trustees. While Transamerica appreciates that the Trustees are the parents of the minor defendants and, thus, may well act in the best interests of their children, the Court has its own obligation to assure that the minors' interests are fully and independently protected. Furthermore, each of the Trustees is the parent of a different set of children and their perception of the children's interests may vary.

### A. The Dates of Payment of the Proceeds Differ under the Policy and the Trust

As beneficiaries under the Policy, Emily, Grant and Taylor are now or will upon reaching their majority, be entitled to receive the full proportionate share of the policy proceeds, an amount in excess of $285,000 per child. The effect of the State Court Action, if the Trustees prevail, will be to "reform " the Policy after the death of the insured to substitute the Trust as beneficiary in place of the grandchildren.[3] Under the terms of the Trust, payment of the proceeds of the Policy must be delayed, with traunches paid to each child upon reaching the ages of 25, 30 and 35. However, the minor beneficiaries have not been made parties to that action.[4] While the

[3] Although it is not really Transamerica's issue at this point, there is a real question whether reformation is an appropriate remedy. There is no allegation in the state court action that there was an antecedent agreement between Jessie Colicci and Transamerica that the beneficiary of the policy would be the Trust or that the grandchildren were named as the beneficiaries as the result of mutual error or fraud. To the contrary, Jessie Colicci specifically and individually named her grandchildren as the policy beneficiaries. See Application to policy (Complaint, Exhibit A). Nor have the Trustees confirmed any other documented action to change the beneficiaries. In short, there is no error to reform.

[4] Transamerica intends to move to dismiss the plaintiffs' complaint on at least the basis that the plaintiffs have failed to join indispensable parties, namely the beneficiaries to the policy.

Trustees are the parents of those minor beneficiaries, the Court has an obligation to provide an independent guardian ad litem to assure that the children's interests are protected.

### B. The Funds Received by Each Child Will Be Reduced if the Proceeds Are Paid to the Trust

Moreover, if the Policy's proceeds are paid to the Trust, Brian Colicci, personally, will take a portion of the Policy proceeds that would otherwise go to the grandchildren. The Trust provides that such descendants of Jessie Colicci as are heirs-at-law of a deceased beneficiary receive the portion of the Trust which would otherwise be paid to that beneficiary. Trust Section 7(h).[5] On the other hand, the Policy provides that the share of a beneficiary who predeceases the insured goes to the remaining beneficiaries. Thus, if the Policy proceeds are paid to Diane Sherman and Brian Colicci, as Trustees, in place of the living grandchildren, Brian Colicci, Scott's father and Jessie's son may take Scott Colicci's interest in the Policy proceeds at the expense of the current beneficiaries' share of those proceeds.[6]

Clearly, circumstances exist in which the interests of the Trustees and the current beneficiaries are adverse. While it could be that the current beneficiaries ultimately benefit by divesting them of their interest to the policy proceeds, a guardian *ad litem* – free of any actual or potential conflict of interest such as now exists with the Trustees – is needed, so that an informed decision can be made as to the best course of action to protect each for minor's interest with respect to the $850,000 policy proceeds. Moreover, appointment of a guardian *ad litem* provides a mechanism to allow for efficient resolution of this interpleader action.

---

[5] The Trust provides that, if the beneficiary dies with issue or exercises a power of appointment, the funds pass to the issue or as that power directs. Scott was only 15 when he died, had not issue, and drafted no valid will.

[6] The intestacy laws of Scott's state of residence at the time of his death will govern who receives those funds. If Taylor, a sibling, rather than Brian, Scott's father, takes under state law, the share of the other two beneficiaries will

## CONCLUSION

Appointment of a guardian *ad litem* will substantially protect the interests of the children and procedurally allow the Court to administer this action efficiently. Transamerica therefore respectfully requests that the Court appoint a guardian *ad litem* of its choosing. To the extent the Court has no preference, Transamerica would suggest the Court consider whether J. Scott Kilpatrick, Esq., Robert Chisholm, Esq., James Murphy, Esq. or George Lieberman, Esq. would be suitable and appropriate for the appointment.

Respectfully submitted,

Brooks R. Magratten, Esq., No. 3585
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Of Counsel:

David A. Reif, Esq.
McCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495
(860) 275-6700
(860) 724-3397 (Fax)

Dated: August 30, 2005

still be reduced, for Taylor will get both his or her share and Scott's share, i.e., one-half of the proceeds, rather than the one-third payable under the Policy.

**CERTIFICATE OF SERVICE**

I certify that I directed the forgoing memorandum to be served by hand on the following individuals on this 30th day of August, 2005.

Diane E. Sherman
Emily Sherman
Grant S. Sherman
465 Chestnut Hill Rd.
Wakefield, RI

Brian V. Colicci
Taylor A. Colicci
3547 E. Windmere Drive
Phoenix, AZ