**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY,

Plaintiff,

v. : C.A. No. CV-05-374/T

DIANE E. SHERMAN, as Trustee under the Jessie G. Colicci 1995 Irrevocable Trust, et al.,

Defendants.

**PLAINTIFF TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY'S MOTION FOR LEAVE TO DEPOSIT FUNDS IN THE REGISTRY OF THE COURT AND FOR OTHER RELIEF**

Plaintiff Transamerica Occidental Life Insurance Company ("Transamerica") moves pursuant to F.R.C.P. 67 and Local Rule 52 for leave to deposit into the Registry of the Court life insurance proceeds in the amount of $858,295.01, which are the subject matter of this interpleader action, plus any additional accrued interest due at the time of the proceeds are deposited, subject to Transamerica's reservation of its right to deduct its attorney's fees and costs upon submission of the appropriate affidavit of counsel. Transamerica also moves that it be discharged from any and all liability in connection with the life insurance proceeds which are the subject matter of this action and that all other parties be permanently enjoined from instituting or prosecuting any claim against Transamerica pertaining or relating to the life insurance policy and its proceeds. Plaintiff files herewith a supporting memorandum of law.

Dated: October 3, 2005

Brooks R. Magratten, No. 3585
VETTER & WHITE
Attorneys for Plaintiff
Transamerica Occidental Life Insurance Company
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 (Fax)

Of Counsel:
David A. Reif, Esq.
McCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495
(860) 275-6700
(860) 724-3397 (Fax)
*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed postage prepaid, this

____day of October, 2005, to:

A. Lauriston Parks, Esq.
10 Coronado Street
Jamestown, RI 02835

Taylor A. Colicci
3547 E. Windmere Drive
Phoenix, AZ 85048

Emily Sherman
Grant Sherman
465 Chestnut Hill Road
Wakefield, RI 02879

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DIANE E. SHERMAN, as Trustee under the Jessie G. Colicci 1995 Irrevocable Trust, et al.,<br><br>Defendants. | C.A. No. 05-0374/T |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY'S**
**MOTION FOR LEAVE TO DEPOSIT FUNDS**
**<u>IN THE REGISTRY OF THE COURT AND FOR OTHER RELIEF</u>**

Plaintiff Transamerica Occidental Life Insurance Company ("Transamerica") moves pursuant to F.R.C.P. 67 and Local Rule 52 for leave to deposit into the Registry of the Court life insurance proceeds in the amount of $858,295.01, which are the subject matter of this interpleader action, plus any additional accrued interest due at the time of the proceeds are deposited, subject to Transamerica's reservation of its right to deduct its attorney's fees and costs upon submission of the appropriate affidavit of counsel. Transamerica also moves that it be discharged from any and all liability in connection with the life insurance proceeds which are the subject matter of this action and that all other parties be permanently enjoined from instituting or prosecuting any claim against Transamerica pertaining or relating to the life insurance policy and its proceeds.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about January 20, 1995, Transamerica issued life insurance Policy No. 92494449 ("the Policy") in the face amount of $800,000.00 to Jessica G. Colicci insuring her life. At the time the Policy was issued, Jessica G. Colicci was the owner of the Policy and the named beneficiaries were her minor grandchildren, Emily Sherman, Grant Sherman, Taylor A. Colicci, and Scott B. Colicci. Defendants Diane Sherman and Brian Colicci, in their reformation complaint, allege that on or about June 27, 1995, Jessica G. Colicci established an irrevocable life insurance trust entitled The Jessie G. Colicci 1995 Irrevocable Trust ("Colicci 1995 Trust"), of which defendants Diane Sherman and Brian Colicci are trustees. Thereafter, on August 10, 1995, a Transfer of Ownership form was recorded with Transamerica changing the owner of the Policy from Jessica G. Colicci to "The Jessie G. Colicci Irrevocable Trust, dated 6/27/95; Brian Colicci, Trustee + Diane Sherman, Trustee." The form to transfer ownership specifically provides that execution of the form to change ownership of the Policy does not change the beneficiaries to the Policy. No change was thereafter made to the beneficiaries of the Policy.

Jessie G. Colicci died on or about February 25, 2005. The beneficiaries of the Policy at the time of the death of Jessie G. Colicci were the minor children Emily Sherman, Grant Sherman and Taylor Colicci. Upon information and belief, Scott B. Colicci died on or about September 4, 2002. The Trustees, Diane Sherman and Brian Colicci, instituted an action against Transamerica on or about June 29, 2005 in Washington County, Rhode Island ("state court action") seeking to change the beneficiaries to the Policy from the minor grandchildren of Jessica G. Colicci, namely Emily Sherman, Grant Sherman and Taylor Colicci, to Diane Sherman and Brain Colicci as Trustees of the Colicci 1995 Trust. The minor children and current, named

beneficiaries of the Policy were not made parties to the state court action. On July 29, 2005, Transamerica removed the state court action to this Court (see Sherman v. Transamerica, C.A. No. 05-329/T).

On August 30, 2005, Transamerica filed this action for interpleader. In its complaint, Transamerica prayed that the Court require that all other parties, including those not yet named as parties to this action, that are or may be entitled to all or part of the proceeds of the Policy interplead and settle among themselves their rights to the benefits due under the Policy. Transamerica further prayed that, following Transamerica's deposit of the Policy's proceeds with the Registry of the Court, the Court discharge it from any and all liability in connection with the Policy arising from the death of Jessie G. Colicci. Transamerica also requested that all parties be thereafter permanently enjoined from prosecuting any claims against Transamerica respecting the Policy's proceeds.

## II. ARGUMENT

It is well recognized that "in the absence of a statute making provision to the contrary, that a party who is confronted with conflicting claims to a fund in his possession and who claims no interest therein, may in good faith interplead the several claimants, deposit the fund involved in the registry of the Court and recover his reasonable costs and counsel fees out of such fund." See Narragansett Bay Gardens, Inc. v. Grant Construction Co., Inc., 176 F. Supp 451, 454-55 (D.R.I. 1959) (citations omitted). Once the Court determines that a disinterested stakeholder is entitled to interpleader relief, then the Court should discharge that stakeholder from the litigation after it deposits the disputed property into the care of the Court. See, e.g., New York Life Ins. Co. v. Deshotel, 1995 U.S. Dist. Lexis 13001 (E.D. La. Sept. 7, 1995). The Court may also

enjoin other parties from instituting or prosecuting any other claims against the stakeholder relating to the disputed Policy proceeds following the deposit of the same with the Registry of the Court. See, e.g., Metropolitan Life Ins. Co. v. Hardin, 23 F. Supp. 2d 934, 940 (S.D. Ind. 1998).

The facts alleged in the pleadings present a classic case for interpleader relief. Transamerica is a disinterested stakeholder willing to pay the proceeds to the person(s) entitled to receive the same, but is unable to make that determination without facing potentially multiple liabilities. See Narragansett Bay Gardens, Inc., 174 F. Supp. at 454-55. The Policy proceeds in dispute should therefore be deposited into the Registry of the Court. See, e.g., Metropolitan Life Ins. Co. v. Marsh, 199 F.3d 415 (6th Cir. 1997); Sun Life Assur. Co. of Canada v. Thomas, 735 F. Supp. 730 (W.D. Mich. 1990). Depositing the Policy proceeds with the Court not only safeguards the funds, but also facilitates the execution of judgment. Therefore, the Court should grant Transamerica leave to deposit into the Registry of the Court the Policy proceeds at issue.

Once the Policy proceeds have been paid into the Registry, Transamerica should be dismissed from this action without further liability. See New York Life Ins. Co., 1995 U.S. Dist. Lexis 13001. Furthermore, all parties thereafter should be permanently enjoined from prosecuting any claims against Transamerica respecting Policy or its proceeds arising from the death of Jessie G. Colicci. See Metropolitan Life Ins. Co., 23 F. Supp. 2d at 940.

Finally, Transamerica respectfully submits that it is entitled to an award of reasonable attorney's fees and costs which are to be deducted from the funds deposited into the Registry prior to distribution thereof. Such awards are frequently made where, as here, the party seeking the interpleader action is a disinterested stakeholder forced to bring the action to determine the rightful claimant. See, e.g., Narragansett Bay Gardens, Inc., 174 F. Supp. at 454-55 (both federal

and state courts in Rhode Island follow rule allowing disinterested stakeholder to recover reasonable attorney's fees and costs); see also Transamerica Premier Ins. Co. v. Growney, 1995 U.S. App. Lexis 31836 (10th Cir. Nov. 13, 1995). As the nature of plaintiffs' response to the matter will affect attorney labor expended and, therefore, the amount of fees required, plaintiff reserves its request for fees until a date prior to distribution of the proceeds.

## III. CONCLUSION

For the foregoing reasons, Transamerica moves to deposit into the Registry of the Court life insurance proceeds in the amount of $858,295.01, being the amount due under the Policy through September 2, 2005, plus any additional accrued interest due at the time of the proceeds are deposited and, for the money that, following the Court's acceptance of the contested funds, the Court enter an order discharging Transamerica from any and all liability in connection with Policy proceeds arising from the death of Jessie G. Colicci and enjoining all other parties to this action from prosecuting or maintaining any claims against Transamerica respecting the Policy or its proceeds.

Dated: October 3, 2005

Brooks R. Magratten, No. 3585
VETTER & WHITE
Attorneys for Plaintiff
Transamerica Occidental Life Insurance Company
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 (Fax)

Of Counsel:
David A. Reif, Esq.
McCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495
(860) 275-6700
(860) 724-3397 (Fax)
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed postage prepaid, this 3rd day of October, 2005, to:

A. Lauriston Parks, Esq.
10 Coronado Street
Jamestown, RI 02835

Taylor A. Colicci
3547 E. Windmere Drive
Phoenix, AZ 85048

Emily Sherman
Grant Sherman
465 Chestnut Hill Road
Wakefield, RI 02879