UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, Plaintiff, | : | C.A. No. 05-374/T |
| v. | : | |
| DIANE E. SHERMAN, as Trustee under the Jessie G. Colicci 1995 Irrevocable Trust, et al., Defendants. | : | |

**PLAINTIFF TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Transamerica Occidental Life Insurance Company ("Transamerica") respectfully moves for recovery of Transamerica's counsel fees and expenses from certain life insurance proceeds deposited into the Registry of the Court, which proceeds are the subject matter of this interpleader action. Transamerica requests this Court award its attorneys' fees and costs relating to the Sherman v. Transamerica, C.A. No. 05-329/T action, the above-captioned interpleader action and this motion. Transamerica files herewith a supporting memorandum of law.

Brooks R. Magratten, Esq., #3585
VETTER & WHITE
Attorneys for Plaintiff
Transamerica Occidental Life Insurance Company
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 (Fax)

Date: December 7, 2005

Of Counsel:
David A. Reif, Esq.
McCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495
(860) 275-6700
(860) 724-3397 (Fax)
*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

TO:

A. Lauriston Parks, Esq.
10 Coronado Street
Jamestown, RI 02835

William Poore, Esq.
Poore & Rosenbaum, LLP
The Commerce Center
30 Exchange Terrace
Providence, RI 02901-1117

Kenneth P. Borden, Esq.
Higgins Cavanagh & Cooney, LLP
The Hay Building, Fourth Floor
123 Dyer Street
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Plaintiff Transamerica Occidental Life Insurance Company's Motion For Attorneys' Fees and Costs by first class mail, postage prepaid, on the ~~9th~~ 12th day of December, 2005.

[signature]

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, | C.A. No. 05-374/T |
| Plaintiff, | |
| v. | |
| DIANE E. SHERMAN, as Trustee under the Jessie G. Colicci 1995 Irrevocable Trust, et al., | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF**
**TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY'S**
**MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Transamerica Occidental Life Insurance Company ("Transamerica") respectfully submits this Memorandum of Law in support of its Motion for Attorneys' Fees and Costs dated December 9, 2005.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a dispute concerning a life insurance policy in the face amount of $800,000.00 issued by Transamerica to Jessica G. Colicci insuring her life ("the Policy"). At the time the Policy was issued, Jessica G. Colicci was the owner of the Policy and the named beneficiaries were her minor grandchildren, Emily Sherman, Grant Sherman, Taylor A. Colicci, and Scott B. Colicci. Defendants Diane Sherman and Brian Colicci (collectively the "Trustees") allege that on or about June 27, 1995, Jessica G. Colicci established an irrevocable life insurance trust entitled The Jessie G. Colicci 1995 Irrevocable Trust ("Colicci 1995 Trust"), of which defendants Diane Sherman and Brian Colicci are trustees.

Jessie G. Colicci died on or about February 25, 2005. The beneficiaries of the Policy at the time of the death of Jessie G. Colicci were the minor children Emily Sherman, Grant Sherman, and Taylor Colicci.[1]

A. Reformation Action

On or about June 29, 2005, the Trustees instituted a state court action against Transamerica in Washington County, Rhode Island seeking to change the beneficiaries of the Policy from the minor grandchildren of Jessica G. Colicci, namely Emily Sherman, Grant Sherman, and Taylor Colicci, to Diane Sherman and Brain Colicci as Trustees of the Colicci 1995 Trust. The minor children and current, named beneficiaries of the Policy were not made parties to the state court action.

In defense of this matter, Transamerica retained the law firm of McCarter & English LLP, which has a long standing relationship with Transamerica. Because McCarter & English LLP does not have a Rhode Island office, Transamerica also enlisted the services of the Vetter & White firm to serve as local counsel in connection with this matter. On July 29, 2005, counsel for Transamerica removed the state court action to this Court (see Sherman v. Transamerica, C.A. No. 05-329/T) (the "Reformation Action").

A legal analysis of the complaint filed in the Reformation Action, the Policy and trust documents was performed and it was determined that any judgment for the Trustees in the Reformation Action would deprive the minor children of their immediate rights to over $850,000 under the Policy and could deprive them of a portion thereof permanently. Because the minor children's interest would be necessarily impacted by any judgment in this action, they were

[1] Upon information and belief, Scott B. Colicci died on or about September 4, 2002.

necessary and dispensable parties to this proceeding – but whose joinder was not possible unless the parties proceeded with a separate action for interpleader. Because of this defect in the original action which would have resulted in a judgment potentially not binding on all parties, Transamerica moved to dismiss the Reformation Action for failure to join the minor children as necessary and indispensable parties under Fed.R.Civ.P. 19. Transamerica expended approximately $9,200.00 in attorneys' fees in connection with the preparation and filing of this motion to dismiss.

The Trustees opposed that motion, filing a memorandum in opposition. Transamerica's counsel was then forced to further incur legal expenses by preparing and filing a reply brief to which the Trustees filed yet another brief in opposition.

The Trustees continued their motion practice by then moving to join the minor children as parties to the Reformation Action in an attempt to cure not having properly joined them in the first instance. These defects, however, could not be cured and counsel for Transamerica was again obliged to prepare and file an opposition thereto. In connection with the Trustees' motion practice contesting Transamerica's legitimate attempts to seek a proper resolution of this matter by way of interpleader, Transamerica incurred additional legal fees in the amount of $1,700.00.

On November 15, 2005, counsel for the parties attended a hearing before this Court. Several issues were addressed at this hearing including the legal challenges raised by Transamerica's counsel to the Reformation Action and motion for joinder. By that hearing, after Transamerica had already incurred $10,900.00 of attorneys' fees in preparing the motion to dismiss and responding to the Trustees' opposition papers and motion for joinder, counsel for

Trustees consented to the requested relief – a consent which, if granted at the onset of this action, would have made the expenditure of these fees unnecessary.

In connection with Transamerica's legal defense of the Reformation Action, the total amount of fees incurred were $27,992.25, with $630.57 in costs. See Affidavits of Brooks R. Magratten and David A. Reif, submitted herewith. (Reif Aff't; Magratten Aff't.) If the Trustees had simply sought appropriate legal relief by means of interpleader, Transamerica would not have necessarily incurred the legal fees and costs associated with its defense of the Reformation Action.

B. Interpleader Action

As a result of the legal deficiencies posed by the Trustees' attempts to reform the Policy in the Reformation Action, it was necessary for Transamerica to prepare and file a separate action for interpleader (the "Interpleader Action") – a more effective and efficient means to adjudicate these claims. In its complaint, Transamerica prayed that the Court require that all other parties, including those not yet named in this action, that are or may be entitled to all or part of the proceeds of the Policy interplead and settle among themselves their rights to the benefits due under the Policy. Transamerica further prayed that, following Transamerica's deposit of the Policy's proceeds with the Registry of the Court, the Court discharge it from any and all liability in connection with the Policy arising from the death of Jessie G. Colicci. Transamerica also requested that all parties be thereafter permanently enjoined from prosecuting any claims against Transamerica respecting the Policy's proceeds. None of this relief could have been awarded through the Reformation Action alone.

In addition, because the named beneficiaries were minors, Transamerica prepared and filed a motion and supporting brief seeking the appointment of a guardian ad litem in the Interpleader Action. Transamerica also moved for leave to deposit the Policy proceeds with the Registry of Court and to be discharged.

On November 15, 2005, this Court held a hearing regarding the foregoing motions as well as the requested relief in Transamerica's complaint for interpleader. Pursuant to this Court's November 18, 2005 Order Transamerica's motions and requested relief were granted. Counsel for Transamerica has since deposited the funds into the registry of the Court.

In connection with Transamerica's prosecution of the Interpleader Action, the total amount of fees incurred were $20,865.75, with $1,009.01 in costs. See Reif Aff't; Magratten Aff't. The fees and costs relating to this motion were incurred in December, 2005 and have not yet been billed. Such fees total $2,011.00. See Reif Aff't.

## II. ARGUMENT

### A. Fees in the Interpleader action

Transamerica's right to obtain reasonable fees in the Interpleader action is clear. "[I]in the absence of a statute making provision to the contrary, that a party who is confronted with conflicting claims to a fund in his possession and who claims no interest therein, may in good faith interplead the several claimants, deposit the fund involved in the registry of the Court and recover his reasonable costs and counsel fees out of such fund." See Narragansett Bay Gardens, Inc. v. Grant Construction Co., Inc., 176 F. Supp. 451, 454-55 (D.R.I. 1959); Manchester Print Works v. Stimson, 2 R.I. 415 (1853). Such awards are frequently made where, as here, the party seeking the interpleader action is a disinterested stakeholder forced to bring the action to

determine the rightful claimant. See, e.g., Narragansett Bay Gardens, Inc., 176 F. Supp. at 454-55 (both federal and state courts in Rhode Island follow rule allowing disinterested stakeholder to recover reasonable attorney's fees and costs); see also Transamerica Premier Insurance Co. v. Growney, 1995 U.S. App. Lexis 31836 (10th Cir. Nov. 13, 1995).

**B. Fees in the Reformation Action**

In this case, however, in order to obtain its interpleader judgment, Transamerica also expended fees in the related Reformation Action. Since those cases are irrevocably intertwined, the Court should also award Transamerica the fees incurred in that latter case.

The Trustees commenced this proceeding with the Reformation Action. If that case had been remanded to State court, as the Trustees proposed, while the Interpleader Action was still pending, Transamerica would be faced with the potential of conflicting results – one in the Interpleader Action in federal court; one in the Reformation Action in state court. Therefore, in order to obtain the result contemplated by the interpleader procedure – a single, clear directive to all parties as to the payment of the funds held by the stakeholder – Transamerica had to resolve the Reformation Action, as well.[2]

Research has found virtually no case law directly on point. However, what does exist demonstrates that the issue in determining whether to award fees is not the formality of whether the fees were incurred in an action commenced by the stakeholder, but, rather, whether the fees were incurred by the stakeholder in fulfilling the objective of the interpleader procedure. See New York Life Ins. Co. v. Miller, 139 F.2d 657, 658 (8th Cir. 1944). In New York Life Ins. Co.,

---

[2] As set forth in the statement of facts above, the Trustees consented to the dismissal of the Reformation Action at the hearing on the motion to appoint counsel for the minor beneficiaries and allowed the parties' interests to be resolved in the Interpleader Action. Had they done so at the time the Interpleader action was filed, rather than several months and filing multiple pleadings and memoranda, none of these fees would have been required.

an action was filed by Dora Miller against New York Life on a life insurance policy. The action was removed from state court to a Federal District Court, and by answer and cross-complaint converted into an action of interpleader with several other diverse claimants joined. The District Court denied New York Life's request for attorneys' fees and New York Life appealed. In reversing the lower court's decision and awarding New York Life its attorneys' fees, the Court of Appeals held:

> It is not conceivable to us that it makes any difference whether a disinterested stakeholder who is entitled to avail himself of the remedy of interpleader brings a separate suit and enjoins the claimants from bringing or proceeding with other actions, or whether he accomplishes exactly the same result by the means selected by the appellant in the instant case. If the appellant had brought an independent suit in interpleader, it would have been entitled to an allowance for attorneys' fees to be determined by the District Court and paid out of the fund in Court. * * * <u>There is no reason to penalize the appellant because it accomplished the same result in a different, but entirely legitimate way</u>.

<u>New York Life Ins. Co.</u>, 139 F.2d at 658 (internal citations omitted) (emphasis added).

Like New York Life, Transamerica is a disinterested stakeholder acting in good faith, which was unable to obtain interpleader relief solely by filing a single complaint. The Trustees chose to bring – and vigorously prosecute – the Reformation action. The financial burdens related thereto should not fall upon the stakeholder, simply because of irrelevant procedural distinctions.

## III. <u>CONCLUSION</u>

The award of attorneys' fees in an interpleader setting shifts the costs associated with allocation of the stake from the stakeholder to the recipients. It is irrelevant in fulfilling that goal whether the fees are incurred solely in the interpleader action itself or whether they arise out of other litigation into which the stakeholder is involuntarily drawn and the resolution of which is

necessary in order to obtain an enforceable payment order. In this case, the Trustees' prosecution of the Reformation Action and opposition to Transamerica's efforts to file this Interpleader Action affected the attorney labor expended and, therefore, the amount of fees required. As such, due to the multiplicity of actions, pleading and motion practice, as well as its contested nature, Transamerica respectfully submits its fees in both matters are proper and reasonable.

For the foregoing reasons, Transamerica respectfully moves that the court award Transamerica's counsel fees and costs, as set forth in the affidavits submitted herewith.

Brooks R. Magratten, No. 3585
VETTER & WHITE
Attorneys for Plaintiff
Transamerica Occidental Life Insurance Company
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 (Fax)

Of Counsel:
David A. Reif, Esq.
McCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495
(860) 275-6700
(860) 724-3397 (Fax)
*Pro Hac Vice*

December 9, 2005

## CERTIFICATE OF SERVICE

TO:

A. Lauriston Parks, Esq.
10 Coronado Street
Jamestown, RI 02835

William Poore, Esq.
Poore & Rosenbaum, LLP
The Commerce Center
30 Exchange Terrace
Providence, RI 02901-1117

Kenneth P. Borden, Esq.
Higgins Cavanagh & Cooney, LLP
The Hay Building, Fourth Floor
123 Dyer Street
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Memorandum In Support of Transamerica Occidental Life Insurance Company's Motion For Attorneys' Fees And Costs by first class mail, postage prepaid, on the 12th day of December, 2005.

[signature]