**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY :
Plaintiff :
:
V C.A. 05-374T
:
DIANE E. SHERMAN, et als :
Defendant

**OBJECTION OF DIANE E. SHERMAN AND BRIAN V. COLICCI TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Now come Defendants Diane E. Sherman and Brian V. Colicci and object to the Motion for Attorneys' Fees and Costs filed in behalf of Transamerica Occidental Life Insurance Company. In support of this objection, these Defendants have caused a Memorandum in opposition to the Plaintiff's Motion to be filed contemporaneously herewith.

Diane E. Sherman and Brian V. Colicci
By their attorney

A. Lauriston Parks, #0385
10 Coronado Street
Jamestown, RI 02835
(401) 423-8900 (Phone)
(401) 423-2628 (Fax)

**Proof of Service**

I hereby certify that on the 15th day of December, 2005, I mailed copy of the within Objection to Brooks R. Magratten, Esq., Vetter & White, 20 Washington Place, Providence, RI 02903 and to David A. Reif, Esq., McCarter & English, LLP, CityPlace I, 185 Asylum Street, Hartford, CT 06103 and William Poore, Esq., Poore & Rosenbaum, LLP, The Commerce Center, 30 Exchange Terrace, Providence, RI 02903.

A. Lauriston Parks

**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY<br>Plaintiff | : | |
| V | : | C.A. 05-374T |
| DIANE E. SHERMAN, et als<br>Defendant | : | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Diane E. Sherman and Brian V. Colicci, individually and as Trustees under the Jessie G. Colicci Irrevocable Trust, have objected to Plaintiff's Motion for Attorneys' Fees and Costs. This Memorandum is submitted in opposition to Plaintiff's aforesaid Motion.

As indicated in Mr. Parks' letter of April 4, 2005, a mistake was made at the Providence office of Merrill Lynch and/or at the Merrill Lynch Life Insurance Agency, Inc. The mistake was not made by these Defendants or their minor children and, indeed, was unknown to all of them until after the death of Jessie G. Colicci on February 25, 2005. On the basis of Mr. Heuisler's email of March 30, 2005, it seems quite possible that the mistake could have been made by Plaintiff, Transamerica Occidental Life Insurance Company.

In any event, in response to Mr. Parks' letter of April 4, 2005, Plaintiff's representative wrote to Mr. Parks on June 22, 2005, and advised him that a Court Order would be required directing Plaintiff to pay the proceeds of the life insurance policy to the Trust. Consequently, in response to Ms Fields' letter, Mr. Parks filed an action for reformation in the Washington County Superior Court.

Rather than proceeding in the Washington County Superior Court, where a counterclaim for interpleader could have been filed and where the minor children could have been added as parties, Plaintiff elected to remove the reformation action to the United States District Court for the District of Rhode Island and then filed a separate action of interpleader. Consequently, Plaintiff, through its attorney, unduly complicated and confused what was, in actuality a relatively simple undisputed issue, i.e. the policy of insurance should have been payable to the Trust rather than to the minor children. Indeed, the minor children have not and undoubtedly will not make any claim to the contrary. It would be an injustice for Plaintiff to recover attorneys' fees from the policy proceeds and, thereby, take money from the minor beneficiaries education trust.

Furthermore, the fees requested are not fair and reasonable. By Rhode Island standards the requested fees are outrageous. It will be interesting to see if Plaintiff will be able to produce the

testimony of a Rhode Island attorney at the hearing on this Motion to the effect that the fees claimed are "fair and reasonable."

Under the circumstances, these Defendants respectfully urge the Court to deny Plaintiff's application for attorneys' fees and costs.

Diane E. Sherman and Brian V. Colicci
By their attorney

A. Lauriston Parks, #0385
10 Coronado Street
Jamestown, RI 02835
(401) 423-8900 (Phone)
(401) 423-2628 (Fax)

**Proof of Service**

I hereby certify that on the 15th day of December, 2005, I mailed copy of the within Memorandum to Brooks R. Magratten, Esq., Vetter & White, 20 Washington Place, Providence, RI 02903 and to David A. Reif, Esq., McCarter & English, LLP, CityPlace I, 185 Asylum Street, Hartford, CT 06103 and William Poore, Esq., Poore & Rosenbaum, LLP, The Commerce Center, 30 Exchange Terrace, Providence, RI 02903.

A. Lauriston Parks

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY
Plaintiff

VS. C.A. No. 05-374T

DIANE E. SHERMAN, ET AL
Defendants

**MEMORANDUM OF KENNETH P. BORDEN, AS GUARDIAN AD LITEM ON BEHALF OF TAYLOR COLICCI, A MINOR, IN OPPOSITION TO TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

The fees sought by Transamerica Occidental Life Insurance Company ("Transamerica") are outrageously and egregiously excessive.

There was no need for expensive out-of-state counsel.

The rates are outrageous.

There was no need to remove the case from the State court.

There was no need to conduct extensive inter-office memo writing and e-mail writing.

Transamerica seeks to impose these excessive charges on the beneficiaries.

Transamerica had no need to "defend" itself. When the attorneys write in their memorandum (p. 4) that Transamerica expended $27,922.25 plus $630.57 in costs to conduct its "legal defense" of the Reformation Acton, the question arises: What was it defending from? It owed the money without question and only needed to be assured the money was paid to the proper parties. This work was not in any way difficult, complicated, or novel. A senior associate at Vetter & White could have accomplished this with minimal expense.

Likewise, except for generating excessive fees, there was no need to remove the case from the State court. A counterclaim in the State court for interpleader would have quickly and inexpensively disposed of the matter.

Since this matter is neither complicated nor novel, there was no justification for out-of-state counsel with their outrageous rates, and no need for the extensive inter-office chatting, memo writing and e-mail writing.

The bills submitted by counsel for Transamerica are outrageous, unreasonable and highly excessive and this guardian ad litem for Taylor Colicci, a minor, urges the Court to carefully scrutinize them.

The entire billing should not have exceeded the total billing submitted by Vetter & White.

Kenneth P. Borden (#61)
Higgins, Cavanagh & Cooney, LLP
Attorney for Taylor A. Colicci, a minor
123 Dyer Street
Providence, RI 02903
(401) 272-3500

Certification

I hereby certify that on the 19th day of December, 2005, I mailed a copy of the within document to Brooks R. Magratten, Esq., Vetter & White, 20 Washington Place, Providence, RI 02903; David A. Reif, Esq., McCarter & English, LLP, CityPlace I, 185 Asylum Street, Hartford, CT 06103; William Poore, Esq., Poore & Rosenbaum, LLP, The Commerce Center, 30 Exchange Terrace, Providence, RI 02903; and A. Lauriston Parks, Esq., 10 Coronado Street, Jamestown, RI 02835.