UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED

FEB 24 2006

Property of U.S. District Court
District of Rhode Island

TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY
Plaintiff

V

C.A. 05-374T

DIANE E. SHERMAN, et als
Defendant

**MOTION FOR ENTRY OF JUDGMENT**

Motion for Entry of Judgment is as follows:

1. That the funds on deposit in the Registry of Court, representing the proceeds of the Transamerica Occidental Life Insurance policy, after payment of attorney's fees to Plaintiff, be paid over to these Defendants, in their capacity as Trustees of the Jessie G. Colicci 1995 Irrevocable Life Insurance Trust.

2. That after payment of the fees of A. Lauriston Parks, Kenneth P. Borden and William A. Poore, said Defendants shall hold said funds and administer them in accordance with the terms and conditions of the Jessie G. Colicci 1995 Irrevocable Life Insurance Trust for the benefit of Emily M. Sherman, Grant S. Sherman and Taylor A. Colicci.

Diane E. Sherman and Brian V. Colicci
by their attorney,

A. Lauriston Parks, Esq., #0385
10 Coronado Street
Jamestown, RI 02835
Tel: (401) 423-8900
Fax: (401) 423-2628

**PROOF OF SERVICE**

I hereby certify that on the 23rd day of February, 2006, I mailed a copy of the within Motion to Brooks R. Magratten, Esq., Vetter & White, 20 Washington Place, Providence, RI 02903 and to David A. Reif, Esq., McCarter & English, LLP, CityPlace I, 185 Asylum Street, Hartford, CT 06103 and William Poore, Esq., Poore & Rosenbaum, LLP, The Commerce Center, 30 Exchange Terrace, Providence, RI 02903 and Kenneth P. Borden, Esq., Higgins, Cavanagh & Cooney, 123 Dyer Street, Providence, RI 02903.

A. Lauriston Parks

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY
Plaintiff :
V C.A. 05-374T
DIANE E. SHERMAN, et als :
Defendant

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT**

Defendants, Diane E. Sherman and Brian V. Colicci have moved this Court for an Entry of Judgment under which the funds deposited in the Registry of Court, after payment of Plaintiff's attorney fees, will be paid over to these Defendants, in their capacity as Trustees under the Jessie G. Colicci 1995 Irrevocable Life Insurance Trust. In support of that Motion, Defendants direct the Courts attention to Defendants' Exhibits A and C which were received in evidence on February 21, 2006. It is clear from these Exhibits that Jessie G. Collici intended the proceeds of the subject life insurance company to be paid to these Defendants as Trustees of the Jessie G. Collici 1995 Irrevocable Life Insurance Trust. Due to a mistake on the part of the individuals at Merrill Lynch or at Transamerica Occidental Life Insurance Company, these Defendants were not named as the beneficiaries of that policy.

Under the circumstances here existing, the proceeds of the life insurance policy should be paid to these Defendants. After they pay the bills for services of A. Lauriston Parks, William A. Poore and Kenneth P. Borden, the funds should be held and administered by them in accordance with the terms and conditions of the Jessie G. Collici 1995 Irrevocable Life Insurance Trust for the benefit of Emily M. Sherman, Grant S. Sherman and Taylor A. Colicci.

Diane E. Sherman and Brian V. Colicci
by their attorney

A. Lauriston Parks, Esq., #0383
10 Coronado Street
Jamestown, RI 02835
Tel: (401) 423-8900
Fax: (401) 423-2628

**PROOF OF SERVICE**

I hereby certify that on the 23rd day of February, 2006, I mailed a copy of the within Memorandum to Brooks R. Magratten, Esq., Vetter & White, 20 Washington Place, Providence, RI 02903 and to David A. Reif, Esq., McCarter & English, LLP, CityPlace I, 185 Asylum Street, Hartford, CT 06103 and William Poore, Esq., Poore & Rosenbaum, LLP, The Commerce Center, 30 Exchange Terrace, Providence, RI 02903 and Kenneth P. Borden, Esq., Higgins, Cavanagh & Cooney, 123 Dyer Street, Providence, RI 02903.

A. Lauriston Parks

A.G. EDWARDS & SONS, INC.
40 Westminster Street
Providence, RI 02903

401/351-6000
toll-free: 800/662-5043
fax: 401/273-8916

RAYMOND J. RAPOZA
*Financial Consultant*
*Registered Representative*

A.G. EDWARDS & SONS, INC.
40 Westminster Street
Providence, RI 02903

401/351-6000
toll-free: 800/662-5043
fax: 401/273-8916

raymond.rapoza@agedwards.com
www.agedwards.com

Member New York Stock Exchange, Inc.

EDWARDS
FULLY INVESTED IN OUR CLIENTS.

March 30, 2005

Mr. A. Lauriston Parks
Attorney At Law
10 Coronado Street
Jamestown, R.I. 02835

Re: Jessica G. Colicci Irrevocable Life Insurance Trust
Transamerica Policy #92494449

Dear Mr. Parks:

As a follow up to our phone conversation of Wednesday, March 30, 2005, I am writing to explain the sequence of events and facts as they pertain to the above referenced Trust and insurance policy.

Mr. Vincent Colicci and Mrs. Jessica Colicci had been clients of mine since the early 1990's while I was then employed as a Financial Consultant with Merrill Lynch. After the death of Mr. Colicci, and in reviewing Mrs. Colicci's overall estate plan, it was suggested she establish an irrevocable life insurance trust (ILIT) for her grandchildren as a way to reduce her estate through annual gifts and provide financially for her grandchildren. This suggestion was presented by myself and Mr. John Heisler, who at the time (summer of 1994) was also employed by Merrill Lynch as an "Estate Planning and Insurance Specialist" for the Providence office.

Agreeing to the concept, we began the process of getting Mrs. Colicci insured and establishing the Trust to be both owner and beneficiary of the policy. As the events unfolded, we had a good offer to insure Mrs. Colicci prior to the formal establishment of the Trust. It was decided to go ahead with the insurance policy and then reassign ownership to the Trust upon its completion, which occurred in June 1995. Mrs. Colicci, along with the Trustees of the Trust (Diane Sherman and Brain Colicci) was made fully aware of the potential consequences the reassignment may have had. It was at this time of the reassignment a change of beneficiary was also to be made.

From that point, Mrs. Colicci faithfully gifted to the Trust the annual amounts needed to pay the policy premiums with the complete understanding of how this would pay out to her grandchildren via the terms of the Trust she had established. In no way, and I state this with total certainty, was it ever Mrs. Colicci's intent that the insurance policy proceeds be paid to anyone other than the Trust she had established.

Should you need any further assistance in the resolution of this matter please do not hesitate to contact me. Thank you.

Sincerely,

Raymond J. Rapoza

A

**Larry Parks**

| | |
|---|---|
| From: | Rapoza, Raymond [raymond.rapoza@agedwards.com] |
| Sent: | Friday, April 01, 2005 9:29 AM |
| | alp@hcpw.com |
| Subject: | FW: Mrs. Colicci |

-----Original Message-----
From: Heuisler, John K [PVTC] [mailto:john.k.heuisler@smithbarney.com]
Sent: Wednesday, March 30, 2005 3:12 PM
To: Rapoza, Raymond
Subject: FW: Mrs. Colicci

> ----------
> From: Heuisler, John K [PVTC]
> Sent: Wednesday, March 30, 2005 2:48 PM
> To: 'alp@hcpw.com'
> Cc: 'raymondrapoza@agedwards.com'
> Subject: Mrs. Colicci
>
> Dear Mr. Parks: Ray Rapoza asked me to help clarify what appears to be
a
> clerical error regarding the beneficiary of Mrs. Colicci's life
insurance
> policy. At the time Mrs. Colicci purchased her policy I was the Estate
> Planning Specialist for Merrill Lynch in the Providence area. I am a
CLU
> and have been in the insurance profession since 1974. I recall that,
due
> to health issues, we issued a policy prior to the establishment of the
> actual irrevocable trust. The policy was subsequently transferred to
the
> trust and, at that time, a Change of Ownership Form and a Change of
> Beneficiary Form reflecting that the trustees were both the owners and
> beneficiaries of the policy were sent to the insurance company.
Standard
> procedure would have been to date the Change of Ownership Form one day
> prior to the Change of Beneficiary Form.I fully believe that was the
case
> here but it appears that the second form, the Change of Beneficiary
Form
> was not properly recorded to reflect that the owner and beneficiary
were
> one and the same. It was always Mrs. Colici's intention to protect
these
> proceeds under the terms of her very specific trust document and I
am
> quite certain that a simple misfiling of the beneficiary form is the
> reason for the current misunderstanding of how the policy proceeds
should
> be paid. I hope this information is helpful. Should you require any
> additional information, please do not hesitate to contact me at (215)
> 854-6153. JKH
>

------------------------------------------------------------
Reminder: E-mail sent through the Internet is not secure.
Do not use e-mail to send us confidential information
such as credit card numbers, changes of address, PIN
numbers, passwords, or other important information.



DEFENDANT'S EXHIBIT